James T. Derfler (SBN 180367)
Marlene J. Torres (SBN 331667)
WALSH MCKEAN FURCOLO LLP
550 W. C St., Suite 950
San Diego, CA  92101-8569
Telephone:  (619) 232-8486
Facsimile:  (619) 232-2691
jderfler@wmfllp.com
mtorres@wmfllp.com

Attorneys for Plaintiff
ADMIRAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Western Division)

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY, a Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>CARLYLE/GALAXY SAN PEDRO, L.P., a Limited Partnership,<br><br>    Defendants. | **CASE NO.**<br><br>**COMPLAINT FOR:**<br>1. **EQUITABLE REIMBURSEMENT- DUTY TO DEFEND**<br>2. **DECLARATORY JUDGMENT– EQUITABLE REIMBURSEMENT/DUTY TO DEFEND**<br>3. **DECLARATORY JUDGMENT – DUTY TO INDEMNIFY** |

Plaintiff Admiral Insurance Company (Admiral) alleges:

## JURISDICTION

1.  Admiral is, and at all times mentioned herein was, a corporation (with its principal place of business located in Scottsdale, Arizona), doing business as a surplus-lines insurer in the State of California, and issued insurance policies in Los Angeles County.

2.  Admiral is informed and alleges that defendant Carlyle/Galaxy San

WALSH MCKEAN FURCOLO LLP
550 WEST C STREET
SUITE 950
SAN DIEGO, CALIFORNIA
92101-8569
TELEPHONE (619) 232-8486

1
COMPLAINT FOR EQUITABLE REIMBURSEMENT AND DECLARATORY JUDGMENT

Pedro, L.P (Carlyle/Galaxy) is, and at all times mentioned herein was, a corporation with its principal place of business located in Los Angeles, California, doing business in Los Angeles County.

3. Venue is proper in the Central District in that the dispute, the value of which exceeds $75,000.00, arises out of real property located in the Central District.

## THE ADMIRAL POLICY

4. On August 21, 2006, Carlyle/Galaxy submitted to Admiral an Application For Architects And Engineers Single Project Professional Liability Policy (Claims Made Coverage). Paragraph 1 of the application states the applicant is Carlyle/Galaxy, the owner and developer.

5. On August 22, 2006, Admiral issued a Binder Confirmation. E-mail correspondence dated September 18, 2006 from Swett & Crawford of Los Angeles (S&C) (the broker of record) to Admiral appends e-mail correspondence dated September 18, 2006 to S&C from Guarantee California Insurance Services which states: "Jeff Masters (attorney for Carlyle/Galaxy) is reviewing the binder and has a couple of questions."

6. Admiral subsequently issued primary insurance through an **Architects And Engineers Professional Liability Insurance** policy (policy number EO000005344-01) effective August 21, 2006 through August 21, 2009. (Copy of the Admiral policy is attached hereto as Exhibit A.) Carlyle/Galaxy is designated as the named insured.

7. Attached to the Admiral policy is form EO 09 57 03 04, entitled **Architects And Engineers Professional Liability Insurance** (professional-liability form). The insuring agreement in professional-liability form states in pertinent part:

> We will pay on behalf of the "Insured" those amounts in excess of the Deductible stated in the Declarations, if applicable, which you are legally obligated to pay as "damages" for a

WALSH MCKEAN FURCOLO LLP
550 WEST C STREET
SUITE 950
SAN DIEGO, CALIFORNIA
92101-8569
TELEPHONE (619) 232-8486

2
COMPLAINT FOR EQUITABLE REIMBURSEMENT AND DECLARATORY JUDGMENT

"claim" first made against you during the "policy period" and reported to us in writing during the "policy period", or an Extended "Claim" Reporting Period, provided that the following additional conditions are met:

    A.    the "claim" results from a "professional incident" that takes place within the Policy Territory;

    B.    the "claim" results from a "professional incident" that takes place during the "policy period" or on or after the "retroactive date" stated in the Declarations;

    C.    prior to the effective date of this policy, no "Insured" had knowledge of a "professional incident" or circumstance that could reasonably be expected to result in a "claim."

. . .

We have the right and duty to defend any "claim" or suit against the "Insured" seeking "damages" because of a "professional incident", even if any of the allegations of the suit are groundless, false or fraudulent. We may make such investigation of any "claim" or suit as we deem expedient. We shall not be obligated to pay any "claim", settlement or judgment and/or "claims expenses" or to defend any "claim" or suit after the applicable limit of liability has been exhausted by payment of "damages" and/or "claims expenses".

8.    The Definitions section of the professional-liability form states "claim" means:

    1.    a demand received by you for money or services; or

    2.    a written notice received by any "Insured" resulting from a "Professional Incident" that may result in a demand for money or services; or

    3.    service of suit, or notice received of the initiation of arbitration or other proceedings against you.

9.    The Definitions section of the professional-liability form states "professional incident" means:

    A negligent act, error or omission in the rendering of or

WALSH MCKEAN FURCOLO LLP
550 WEST C STREET
SUITE 950
SAN DIEGO, CALIFORNIA
92101-8569
TELEPHONE (619) 232-8486

3

COMPLAINT FOR EQUITABLE REIMBURSEMENT AND DECLARATORY JUDGMENT

> failure to render "professional services" by you or a person acting under your direction, control or supervision and for whose acts, errors or omissions you are legally liable.

10. The Definitions section of professional-liability form states "professional services" means:

> Work performed by you for others involving specialized training, knowledge and skill in the pursuit of the business stated in the Declarations.

11. The Declarations page attached to the policy states the named-insured's business is "Design Services provided by Scheduled Design Team Members (Refer to Endorsement) on The Vue Condominium Project located at 255 West 5th Street, San Pedro CA 90731 Only."

12. Attached to the policy is form AI 08 76 02 03 entitled **Amendatory Endorsement – Schedule Of Design Team members & Definition Of "Insured."** The form states in pertinent part:

> In consideration of the premium charged, it is agreed that I. "Insured" as shown in Section II. DEFINITIONS is amended to include the following:
>
> 6. Scheduled Design Team Members as follows:
>    a. The Mollenhauer Group
>    b. Saiful/Bouquet, Inc.
>    c  KMA Consulting
>    d. G&W Consulting Electrical Engineers
>    e. Veneklasen Associates, Inc.
>    f. LRM, Ltd.
>    g. Schirmer Engineering Corporation
>    h. D7 Consulting, Inc.
>    i. TRC Security, LP.
>    j. XL Fire Protection, Inc.
>    k. Pro-Bel Enterprises, Ltd.
>    l. Lerch, Bates & Associates, Inc.
>    m  Kaplan Gehring McCarroll Architectural Lighting, Inc.
>    n  CDC, Inc.

WALSH MCKEAN FURCOLO LLP
550 WEST C STREET
SUITE 950
SAN DIEGO, CALIFORNIA
92101-8569
TELEPHONE (619) 232-8486

4
COMPLAINT FOR EQUITABLE REIMBURSEMENT AND DECLARATORY JUDGMENT

7. Members/Managers of LLC.

**GENERAL ALLEGATIONS**

13. Carlyle/Galaxy was sued in an underlying action entitled *Vue Homeowners' Association v. Starline Windows, Inc., et al.* (Los Angeles County Superior Court case number BC710731).

14. Admiral is informed and alleges the Vue Homeowners' Association (HOA) — plaintiff in the underlying action — is the homeowner association for a 318-unit residential condominium project located at 255 W. 5th St. in San Pedro, CA (hereinafter referred to as the "project"). Carlyle/Galaxy was project developer and one of the project's developer entities named in the underlying action.

15. The HOA alleges the project was defectively constructed. In the underlying action, the HOA alleges a cause of action for violation of Civil Code section 895 (Right To Repair Act) against Carlyle/Galaxy.

16. Admiral agreed to participate in the Carlyle/Galaxy defense through a reservation of rights with Lexington Insurance Company (which issued a commercial general liability policy to Carlyle/Galaxy). Admiral alleges it has incurred over $150,000.00 in fees and costs in defending Carlyle/Galaxy.

17. Admiral is informed and alleges Carlyle/Galaxy in its role as a developer entity did not render "professional services" at or in connection with the project as a Scheduled Design Team Member pursuant to form AI 08 76 02 03, or in any other capacity as the project's developer.

18. Admiral alleges the Admiral policy provides coverage only for damages the insured is legally obligated to pay for a claim that results from a negligent act, error, or omission in the rendering of or failure to render services performed by the insured involving specialized training, knowledge and skill in the pursuit of professional-design services.

19. Admiral alleges the Admiral policy does not provide coverage to Carlyle/Galaxy for damages it is legally obligated to pay for a claim that results

5
COMPLAINT FOR EQUITABLE REIMBURSEMENT AND DECLARATORY JUDGMENT

from a negligent act, error, or omission in the rendering of or failure to render services that do not constitute "professional services" consistent with specialized training, knowledge and skill in the pursuit of the business stated in the Admiral policy's declarations.

20. Admiral is informed and alleges Carlyle/Galaxy contends the Admiral policy provides blanket coverage to Carlyle/Galaxy for liability arising out of any a negligent act, error and/or omission which occurred in the course of Carlyle/Galaxy's role as a project developer — even though Carlyle/Galaxy did not render any "professional services" at or in connection with the project.

21. Admiral is informed and alleges that blanket coverage to Carlyle/Galaxy for liability arising out of any a negligent act, error and/or omission which occurred in the course of Carlyle/Galaxy's role as a project developer is a risk covered by a real-estate developers professional-liability policy — not an architects-and-engineers professional-liability policy.

## FIRST CAUSE OF ACTION

### Equitable Reimbursement – Duty To Defend

(Against Defendant Carlyle/Galaxy)

22. Admiral realleges and incorporates by reference as though fully set forth herein, each and every allegation contained in all previous paragraphs in this complaint.

23. Admiral has incurred defense fees and costs in defending Carlyle/Galaxy in the underlying action.

24. Admiral alleges certain fees and costs expended in defending Carlyle/Galaxy in the underlying action were for claims not covered by the Admiral policy.

25. Admiral's payment of defense fees and costs on behalf of Carlyle/Galaxy in the underlying action was conditioned on a reservation of rights, including the right to seek equitable reimbursement for the payment of non-covered claims.

WALSH MCKEAN FURCOLO LLP
550 WEST C STREET
SUITE 950
SAN DIEGO, CALIFORNIA
92101-8569
TELEPHONE (619) 232-8486

6

COMPLAINT FOR EQUITABLE REIMBURSEMENT AND DECLARATORY JUDGMENT

26. To the extent Admiral defended Carlyle/Galaxy in connection with the underlying action for non-covered claims, Carlyle/Galaxy has been unjustly enriched.

27. Admiral has an implied-in-law right to reimbursement from an insured for the defense of non-covered claims.

28. As a result of Carlyle/Galaxy's unjust enrichment and consistent with *Buss v. Superior Court*, 16 Cal.4th 35 (1997), *Scottsdale Insurance Company v. MV Transportation*, 36 Cal.4th 643 (2005), and *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal.4th 489 (2001), Admiral is entitled to reimbursement of the defense fees and costs made on behalf of Carlyle/Galaxy in the underlying action for non-covered claims, as Admiral owed no duty to defend such claims.

29. Accordingly, Admiral seeks equitable reimbursement of defense fees and costs made on behalf of Carlyle/Galaxy attributable to non-covered claims.

## SECOND CAUSE OF ACTION

**Declaratory Judgment – Equitable Reimbursement/Duty To Defend**
(Against Defendant Carlyle/Galaxy)

30. Admiral realleges and incorporates by reference as though fully set forth herein, each and every allegation contained in all previous paragraphs in this complaint.

31. Admiral contends it incurred defense fees and costs on behalf of Carlyle/Galaxy in the underlying action for non-covered claims. As such, Admiral is entitled to equitable reimbursement of the defense fees and costs incurred to defend Carlyle/Galaxy from and against non-covered claims.

32. Admiral is informed and alleges Carlyle/Galaxy contends Admiral is not entitled to equitable reimbursement of defense fees and costs incurred to defend Carlyle/Galaxy from and against non-covered claims.

33. An actual, justiciable and substantial controversy has arisen and now exists between Admiral and Carlyle/Galaxy concerning their rights and duties

WALSH MCKEAN FURCOLO LLP
550 WEST C STREET
SUITE 950
SAN DIEGO, CALIFORNIA
92101-8569
TELEPHONE (619) 232-8486

7
COMPLAINT FOR EQUITABLE REIMBURSEMENT AND DECLARATORY JUDGMENT

through the Admiral policy. Specifically, there is a controversy over the issue of whether Admiral is entitled to equitable reimbursement of defense fees and costs incurred to defend Carlyle/Galaxy from and against non-covered claims.

34. The interests of the parties are legally adverse. Additionally, Admiral has a legally protectable interest in the controversy with no adequate or speedy remedy at law. Furthermore, a substantial controversy exists of sufficient immediacy and reality to warrant the issuance of a declaratory judgment to resolve the dispute.

35. Accordingly, Admiral desires a judicial determination and judgment declaring Admiral is entitled to equitable reimbursement of defense fees and costs incurred to defend Carlyle/Galaxy from and against non-covered claims.

## THIRD CAUSE OF ACTION

**Declaratory Judgment – No Duty To Indemnify – Damages As A Result Of Rendering Non-Professional Services**

(Against Defendant Carlyle/Galaxy)

36. Admiral incorporates and realleges all previous paragraphs as though fully set forth at length herein.

37. Admiral contends its policy provides coverage for damage Carlyle/Galaxy is legally obligated to pay for claims resulting from a "professional incident" — a negligent act, error or omission in the rendering of or failure to render "professional services."

38. Admiral further contends its policy provides no coverage for damage Carlyle/Galaxy is legally obligated to pay for claims that do not result from a negligent act, error, or omission in the rendering of or failure to render "professional services."

39. An actual, justiciable and substantial controversy has arisen and now exists between Admiral and Carlyle/Galaxy concerning their rights and duties through the Admiral policy. Specifically, there is a controversy over the issue of

WALSH MCKEAN FURCOLO LLP
550 WEST C STREET
SUITE 950
SAN DIEGO, CALIFORNIA
92101-8569
TELEPHONE (619) 232-8486

8
COMPLAINT FOR EQUITABLE REIMBURSEMENT AND DECLARATORY JUDGMENT

whether the Admiral policy provides coverage to Carlyle/Galaxy for claims asserted in the underlying action that do not result from a negligent act, error, or omission in the rendering of or failure to render "professional services."

40. The interests of the parties are legally adverse. Additionally, Admiral has a legally protectable interest in the controversy with no adequate or speedy remedy at law. Furthermore, a substantial controversy exists of sufficient immediacy and reality to warrant the issuance of a declaratory judgment to resolve the dispute, in that Carlyle/Galaxy is presently demanding that it be fully indemnified by Admiral from and against all claims alleged in the underlying action.

41. Accordingly, Admiral desires a judicial determination and declaratory judgment that Admiral owes no duty to indemnify Carlyle/Galaxy for claims asserted in the underlying action which do not result from the rendering or failure to render "professional services" — work involving specialized training, knowledge and skill in the pursuit of the business stated in the Admiral policy's declarations; that is, design services provided by Scheduled Design Team Members at the project.

## PRAYER FOR RELIEF

WHEREFORE, Admiral prays for judgment as follows:

**FIRST CAUSE OF ACTION**

1. Compensatory damages for equitable reimbursement from Carlyle/Galaxy for payment of fees and costs made by Admiral to defend Carlyle/Galaxy from and against non-covered claims in the underlying action.

**SECOND CAUSE OF ACTION**

2. A judicial determination and declaratory judgment that Admiral is entitled to equitable reimbursement from Carlyle/Galaxy for payment of fees and costs made by Admiral to defend Carlyle/Galaxy from and against non-covered claims in the underlying action.

9
COMPLAINT FOR EQUITABLE REIMBURSEMENT AND DECLARATORY JUDGMENT

WALSH MCKEAN FURCOLO LLP
550 WEST C STREET
SUITE 950
SAN DIEGO, CALIFORNIA
92101-8569
TELEPHONE (619) 232-8486

**THIRD CAUSE OF ACTION**

3. A judicial determination and declaratory judgment that Admiral owes no duty to indemnify Carlyle/Galaxy for damages Carlyle/Galaxy is legally obligated to pay for claims asserted in the underlying action which do not result from the rendering or failure to render "professional services" — work involving specialized training, knowledge and skill in the pursuit of the business stated in the Admiral policy's declarations.

**ALL CAUSES OF ACTION**

4. Cost of suit incurred herein.

5. Prejudgment interest.

6. Such other and further relief as the court deems proper and appropriate by the court.

DATED: November 16, 2020          WALSH MCKEAN FURCOLO LLP

                                  By: */s/ James T. Derfler*
                                      JAMES T. DERFLER
                                      MARLENE J. TORRES
                                      Attorneys for Plaintiff
                                      ADMIRAL INSURANCE COMPANY

WALSH MCKEAN FURCOLO LLP
550 WEST C STREET
SUITE 950
SAN DIEGO, CALIFORNIA
92101-8569
TELEPHONE (619) 232-8486

10
COMPLAINT FOR EQUITABLE REIMBURSEMENT AND DECLARATORY JUDGMENT